IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson S. Chase, *Esq.*; and Linda D. Chase, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) <br> ) |
| JP Morgan Chase and Company, and JP Morgan Chase Bank NA, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

Civil Action No. 2:13-cv-03116-CWH-BHH

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiffs originally filed the instant action in state court; on November 15, 2013, Defendants removed the case. (See Dkt. No. 1.) This matter is before the Court upon Defendants' Motion for Sanctions. (Dkt. No. 18.)

On February 11, 2014, Defendants filed a Motion to Compel. (Dkt. No. 12.) On March 7, 2014, the undersigned issued the following order granting that motion:

> TEXT ORDER granting 12 Motion to Compel. On February 11, 2014, Defendants filed the instant Motion to Compel, asserting that Plaintiff failed to respond to certain discovery requests. Plaintiffs' response to the motion was due on 2/28/2014, but no response has been filed. Defendants' motion is therefore GRANTED. Plaintiffs shall serve responses to the at-issue discovery requests (Dkt. No. 12-1) within ten (10) days of the date of this Order. To the extent Defendants need additional time in discovery or a stay of the same, they should make such request on separate motion. AND IT IS SO ORDERED.

(Dkt. No. 14.)

Subsequently, on March 21, 2014, Defendants filed the instant Motion for Sanctions. (See Dkt. No. 18.) In that motion, Defendants requested dismissal of Plaintiffs' Complaint, stating,

> [T]he Court granted the Motion to Compel on March 10, 2014, ordering Plaintiffs to respond to the Discovery Requests no later than March 17, 2014. [Dkt. No. 14.] To date, Plaintiffs have not responded to the Discovery Requests, and Plaintiffs' counsel has failed and refused to communicate with Defendants' counsel concerning the required mediation of Plaintiffs' claims. On March 17, 2014, Defendants filed a Motion to Amend the Scheduling

Order, because they have not received any discovery responses from Plaintiffs . . . .

(Dkt. No. 18 at 2 of 4.) Plaintiffs' Response to the Motion for Sanctions was due on April 7, 2014. (See Dkt. No. 18.) When no response was timely filed, the undersigned issued an Order on April 14, 2014, giving Plaintiffs until May 5, 2014, within which to file a Response. (Dkt. No. 19.) The Plaintiffs were advised that failure to respond would subject the action to dismissal for failure to prosecute and failure to comply with the Court's orders. (See Dkt. No. 19.)

On April 29, 2014, Plaintiffs filed a Response in Opposition to the Motion for Sanctions. (See Dkt. No. 21.) In their Response, Plaintiffs contend that they never received the discovery requests that defense counsel states was sent out via mail on December 26, 2013, and instead "had to obtain them from Defendant's counsel's secretary." (Dkt. No. 21.) Plaintiffs state that they have "cure[d] this 'noncompliance'" as they have now served responses to the at-issue discovery requests. (Dkt. No. 21.) Plaintiffs attached their discovery responses to their Response in Opposition to the Motion for Sanctions. (See Dkt. No. 21-1.)

Regardless of whether Plaintiffs received the discovery requests from defense counsel via the United States mail, Plaintiffs certainly received them by February 11, 2014, when defense counsel attached the requests to their Motion to Compel. (See Dkt. No. 12-1.)[1] Plaintiffs finally responded to the discovery requests on April 28, 2014. (See Dkt. No. 21-1.)

---

[1] Plaintiff Nelson S. Chase is an attorney licensed to practice before the United States District Court for the District of South Carolina, and the Notice of Electronic Filing indicates the discovery requests were delivered to his email address, chase@chasecompanies.com, at 4:58PM on February 11, 2014. (See Dkt. No. 12.) The Court's electronic filing system also sent the Notice of Electronic Filing of the Order granting the Motion to Compel to Attorney Chase at that same email address at 11:59AM on March 7, 2014. (Dkt. No. 14.)

The Court has authority to sanction a party for failure to comply with a discovery order; Rule 37 of the Federal Rules of Civil Procedure states, in relevant part,

> If a party . . . -fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). Courts applying Rule 37 have found that dismissal should not be applied as an initial sanction. See Robinson v. Yellow Freight Sys., 132 F.R.D. 424, 427 (W.D.N.C. 1990); see also 4A *Moore's Federal Practice*, Par. 37.03[2] at 37–88 (1990).

At this juncture, the undersigned recommends concluding that a sanction of dismissal is too harsh a sanction when Plaintiffs were not previously warned that a failure to participate in discovery or to obey court orders could result in dismissal, and Plaintiffs have now responded to the discovery requests. However, Nelson S. Chase is an attorney

3

licensed to practice in South Carolina and the United States District Court for the District of South Carolina; he is undoubtedly aware of the applicable rules. Plaintiffs are cautioned that **future failure to comply with orders of this Court may result in dismissal** of their case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); FED. R. CIV. P. 41(b). Such orders include, but are not limited to, the Amended Scheduling Order issued by the undersigned on May 19, 2014. (Dkt. No. 16.) The Clerk is directed to mail a copy of that Amended Scheduling Order (Dkt. No. 16) to Plaintiffs.

For the reasons set forth herein, IT IS RECOMMENDED that Defendants' Motion for Sanctions (Dkt. No. 18) be DENIED.

IT IS SO RECOMMENDED.

                                              s/Bruce H. Hendricks
                                              United States Magistrate Judge

May 2, 2014
Charleston, South Carolina

**The parties' attention is directed towards the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).