IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson S. Chase, Esq. And Linda D. Chase, <br><br> Plaintiffs, <br><br> vs. <br><br> JPMorgan Chase Bank, N.A., <br><br> Defendant. | Case No.: 2:13-cv-3116-CWH <br><br><br><br> **ORDER** |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks recommending that the defendants' motion for sanctions be denied. (ECF No. 22). For the reasons set forth below, the Court accepts the recommendation of the magistrate judge. In light of a subsequent order by United States Magistrate Judge Wallace W. Dixon (ECF No. 36), the Court denies the defendants' motion for sanctions (ECF No. 18) as moot.

## I. BACKGROUND

On October 7, 2013, Nelson S. Chase, Esq. and Linda D. Chase (the "plaintiffs") filed this action in the Court of Common Pleas in Charleston County, South Carolina. (Compl. 1, ECF No. 1-1). The plaintiffs initially alleged that J.P.Morgan Chase & Company and J.P.Morgan Chase Bank, N.A. (the "defendants") made negligent misrepresentations in connection with the assignment of mortgages on three of the plaintiffs' properties, leading to wrongful foreclosure proceedings against the plaintiffs and causing them damage to their credit scores and reputations. (Am. Compl. ¶¶ 5-8, 36-41, ECF No. 38). On November 15, 2013, the

defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1332. (Notice of Removal 1, ECF No. 1).

The motion presently before the Court stems from a discovery dispute between the parties. The defendants allege that their first set of interrogatories and requests for production were served on the plaintiffs on December 26, 2013, but that the plaintiffs never responded. (Defs.' Mot. to Compel Disc. Resps. 1, ECF No. 12). The defendants further allege that they sent the plaintiffs a letter dated February 3, 2014, requesting that the plaintiffs respond to their discovery requests by February 7, 2014. (Id.). When the plaintiffs failed to respond, the defendants filed a motion to compel on February 11, 2014. (Id.). On March 7, 2014, Magistrate Judge Hendricks issued an order granting the defendants' motion and ordering the plaintiffs to serve responses by March 17, 2014. (R&R 1, ECF No. 22). The plaintiffs did not respond by that deadline, and on March 17, 2014, the defendants filed a motion to amend the scheduling order because they still had not received any discovery responses. (R&R 1-2).

On March 21, 2014, the defendants filed the instant motion for sanctions, requesting dismissal of the plaintiffs' complaint. The plaintiffs' response to the motion for sanctions was due by April 7, 2014. (R&R 2). No response was filed, and on April 14, 2014, Magistrate Judge Hendricks issued an order allowing the plaintiffs until May 5, 2014 to file a response; the order further advised that a failure to respond would subject the action to dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to comply with the Court's orders pursuant to Rule 41(b) and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam). (Order 1-2, ECF No. 19). On April 29, 2014, the plaintiffs filed a response in opposition to the motion for sanctions, contending that they never received the discovery requests that the defendants claimed



Page 2 of 7

to have sent on December 26, 2013, and instead had to "obtain them from [the defendants'] counsel's secretary." (Pls.' Answers to Defs.' Mot. for Sanctions 1, ECF No. 21). The plaintiffs attached their answers to the discovery requests in their response to the motion, contending that this cured their previous noncompliance. (R&R 2).

On May 2, 2014, Magistrate Judge Hendricks issued her R&R, which recommended that this Court deny the defendants' motion for sanctions because "a sanction of dismissal is too harsh a sanction when [the plaintiffs] were not previously warned that a failure to participate in discovery or to obey court orders could result in dismissal, and [the plaintiffs] have now responded to the discovery requests." (R&R 3, ECF No. 22). The R&R also noted that because co-plaintiff Nelson Chase (who is appearing pro se and on behalf of his co-plaintiff wife) is an attorney licensed to practice in South Carolina and admitted to the United States District Court for the District of South Carolina, he was "undoubtedly aware of the applicable rules." (R&R 3-4). The R&R cautioned the plaintiffs that further failure to comply with the orders of the Court—including, but not limited to, the amended scheduling order (ECF No. 16) -- may result in dismissal of their case pursuant to Rule 41(b). (R&R 4).

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissals and their effects. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless an order states otherwise, such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Dismissal of a complaint with prejudice is a "'harsh sanction which should not be invoked lightly.'" Chandler Leasing, 669 F.2d at 920 (quoting Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)). "To determine whether dismissal is warranted, a court must examine: (1)



Page 3 of 7

the degree of personal responsibility of the plaintiff; (2) the amount of prejudice to the defendant; (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) the existence of a sanction less drastic than dismissal." Id. (citing Davis, 588 F.2d at 70; Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).

### III. DISCUSSION

The magistrate judge makes only a recommendation to the Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

#### A. THE DEFENDANTS' OBJECTIONS

On May 19, 2014, the defendants filed their objections to the R&R (ECF No. 23), incorporating a second motion to compel discovery requests and a second motion for sanctions filed on the same date. (ECF No. 24). In their second set of motions, the defendants contend that the plaintiffs' answers to the defendants' first set of interrogatories, which the defendants first received when the plaintiffs attached them to their response to the first motion for sanctions (ECF No. 21-1), are "inadequate and unresponsive." (Defs.' Second Mot. to Compel Disc.



Resps. & Second Mot. for Sanctions 1, ECF No. 24).[1] For example, in response to a request for "the names and addresses known to [the plaintiffs] to be witnesses concerning the facts of the case," the plaintiffs object on the grounds that the interrogatory is "over broad [sic], burdensome, and oppressive." (Pls.' Answers to Defs.' First Set of Interrogs. 4, ECF No. 21-1). The defendants further allege that the plaintiffs have not complied with the defendants' request for production, "fail[ing] to produce a single document in response." (Id. 2). The defendants also point out that the plaintiffs' answer states that they "intend to request the court to take judicial notice of voluminous information," yet do not provide any list of the documents for which they seek judicial notice. (Defs.' Second Mot. to Compel Disc. Resps. and Second Mot. for Sanctions 4).

On June 5, 2014, the case was reassigned to Magistrate Judge Wallace W. Dixon. (ECF No. 25). On July 17, 2014, Magistrate Judge Dixon held a hearing on the motions, and on July 25, 2014, he issued an order granting the defendants' second set of motions to compel and for sanctions, finding the plaintiffs' written discovery responses "wholly unreasonable, inadequate, and unsupported." (Order Granting Defs.' Second Mot. to Compel Disc. Resps. and Second Mot. for Sanctions 1, ECF No. 36). The order directed the plaintiffs to serve full and complete responses to the discovery requests without objection no later than August 8, 2014, and further ordered the plaintiffs to pay the defendants' counsel $2,211.50 in attorneys' fees and costs by August 30, 2014. (Order Granting Defs.' Second Mot. to Compel Disc. Resps. and Second Mot. for Sanctions 2). The order cautioned that failure to comply with the order could subject the plaintiffs to more severe sanctions, including dismissal. (Id.).

---

[1] The defendants note that the R&R was issued prior to the defendants' deadline to file their reply to the plaintiffs' response. (Defs.' Second Mot. to Compel Disc. Resps. and Second Mot. for Sanctions 1).



### B. DE NOVO REVIEW OF THE DEFENDANTS' OBJECTIONS

In considering the defendants' motion for dismissal as a sanction, the Court must examine the four factors set forth in Lopez. First, with regard to the plaintiffs' personal responsibility for the inaction, the R&R notes that plaintiff Nelson Chase is a local attorney licensed to practice in South Carolina and admitted to the United States District Court for the District of South Carolina. (R&R 3-4). The Court agrees with the magistrate judge's finding that he is "undoubtedly aware of the applicable rules." (R&R 4).

Second, with respect to the prejudice to the defendants, the defendants argue that they have unnecessarily spent time and money by having to file the second motion to compel responses to discovery requests. (Defs.' Second Mot. to Compel Disc. Resps. and Second Mot. for Sanctions 5). In support of this, the defendants filed an affidavit and amended declaration of Mary. M. Caskey—the defendants' attorney with the firm of Haynsworth Sinkler Boyd, P.A.— listing the time and corresponding expenses that she and her staff spent preparing the second motion to compel and for sanctions. (ECF Nos. 24-1, 35). The Court finds that Magistrate Judge Dixon's order requiring the plaintiffs to pay the defendants' attorney fees and costs cures any prejudice to the defendants.

Third, with regard to the existence of a history of dilatory action by the plaintiffs, the defendants have not alleged or shown such behavior beyond the instant matter. Following Magistrate Judge Dixon's order, it appears that the plaintiffs are now complying with the discovery process in a timely fashion. Finally, as to the last Lopez prong (whether there are sanctions less drastic than dismissal) the Court finds that the magistrate judge's order is an appropriate sanction at this time.



## IV. CONCLUSION

The Court has carefully reviewed the R&R. In addition, the Court has thoroughly studied the entire record, the pertinent case law, and the objections to the R&R. For the reasons set forth in this Order, the Court adopts Magistrate Judge Hendricks' R&R. (ECF No. 22). Because Magistrate Judge Dixon's order has addressed the defendants' motion for sanctions by ordering that the plaintiffs comply with the discovery requests and pay the defendants' attorneys' fees and costs, the Court finds that the defendants' motion for sanctions (ECF No. 18) is moot and, as such, is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Feb. 4, 2015
Charleston, South Carolina